

Littler Mendelson, PC
290 Broadhollow Road
Suite 305
Melville, NY  11747

July 8, 2016

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
631.850.5363 fax
lgriffith@littler.com

**VIA ECF**

The Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Davidson v. Garda World Security Corporation, etc.*
            Case No. 16-cv-00493 (CBA) (PK)

Dear Judge Amon:

        This firm represents Defendant Garda World Security Corporation d/b/a Garda World Cash Services ("Garda") in the above-referenced matter. Pursuant to Section 3(A) of Your Honor's Individual Motion Practices and Rules, we respectfully request a pre-motion conference on Garda's anticipated motion to dismiss Plaintiff's Complaint. As discussed below, Garda intends to move to dismiss the Complaint under Federal Rule of Civil Procedure 4(m) for failure to timely effect service of process.

        Pursuant to Rule 4(m), service must be made on defendants within 90 days after the filing of a complaint. The Complaint in this action was filed on January 31, 2016. Therefore, Plaintiff was required to serve Garda on or before April 30, 2016. On May 18, 2016, Plaintiff requested an extension of that deadline, *nunc pro tunc*, to May 30, 2016, which the Court granted. Plaintiff, however, did not effect service on Garda within that deadline, nor did she request an additional extension of time in which to do so. She nevertheless proceeded to serve Garda after the extended deadline had passed, on June 22, 2016.

        Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Thus, dismissal is mandated if the plaintiff fails to effect service within 90 days or show "good cause" for the delay. *See, e.g., Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 456 (E.D.N.Y. 2015); *see also McKibben v. Credit Lyonnais*, No. 98 Civ. 3358 (LAP), 1999 U.S. Dist. LEXIS 12310, at *5 (S.D.N.Y. Aug. 10, 1999) ("Among federal courts, there is virtual unanimity that dismissal is mandatory if a defendant is not served within this time frame unless the plaintiff can show 'good cause' or 'excusable neglect' for the delay."). "Good cause or excusable neglect is generally found only in exceptional circumstances where plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *Id.* at *9.

The Hon. Carol Bagley Amon
July 8, 2016
Page 2

      Here, Plaintiff will be unable to show any circumstances beyond her control that prevented her from timely serving her Complaint. Because Plaintiff did not serve the Complaint within the time provided by Rule 4(m), as extended by the Court, she has failed to effectuate timely service in this action. Accordingly, Garda plans to move to dismiss the Complaint in its entirety and hereby requests a pre-motion conference.

Respectfully yours,

LITTLER MENDELSON, P.C.

Lisa M. Griffith

cc: Julio E. Portilla, Esq., Attorney for Plaintiff (via ECF)

Firmwide:141361090.1 076783.1020